UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ISMAIL N. SMITH,

                                                                  Plaintiff,

                    -against-

MARTIN F. HORN, COMMISSIONER; GREGORY P.
McLAUGHLIN; OFFICER NATALIE; JOHN DOE
CORRECTIONS OFFICER FOR 3-11 SHIFT IN 4
UPPER AT A.R.D.C. ON 10-24-05; JOHN DOE
SUPERVISOR IN CHARGE OF SECURITY OF RIKERS
ISLAND; JOHN DOE CORRECTIONS OFFICER IN
CHARGE OF MOVING PLAINTIFF FROM 2 MAIN
BACK TO 4 UPPER;

                                                        Defendants.

------------------------------------------------------------------------ x

**ANSWER ON BEHALF OF COMMISSIONER MARTIN F. HORN AND WARDEN GREGORY MCLAUGHLIN**

08 CV 1493 (SHS)(MHD)

Jury Trial Demanded

       Defendants Commissioner Martin F. Horn and Warden Gregory McLaughlin, for their answer to the complaint, respectfully allege, upon information and belief, as follows:[1]

       1.     Deny the allegations set forth in paragraph "I" of the complaint and all of its subparts, including the attachment thereto, except admit that plaintiff purports to name the parties as stated therein.

       2.     Deny the allegations set forth in paragraph "II.A." of the complaint, except admit that plaintiff was incarcerated at the Adolescent Reception and Detention Center on Rikers Island on or about October 24, 2005.

       3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II.B." of the complaint.

---

[1] On information and belief, the individual identified in the caption of the complaint as Officer "Natalie" has not been served with a copy of the summons and complaint in this action and is therefore not a defendant at this time.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II.C." of the complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II.D." of the complaint, except admit that plaintiff was incarcerated at the Adolescent Reception and Detention Center on Rikers Island on or about October 24, 2005.

6. Denies the allegations set forth in paragraph "II.D.1)" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II.D.2)" of the complaint.

8. Deny the allegations set forth in paragraph "II.D.3)" of the complaint.

9. Deny the allegations set forth in paragraph "II.D.4)" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II.D.5)" of the complaint.

11. Deny the allegations set forth in paragraph "II.D.6)" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II.D.7)" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II.D.8)" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II.D.9)" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II.D.10)" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II.D.11)" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II.D.12)" of the complaint.

18. The allegation contained in paragraph "II.D.13)" of the complaint contains no averments of fact to which a response is required. To the extent a response is required, defendants deny all such allegations.

19. Deny the allegations set forth in paragraph "II.D.14)" of the complaint.

20. Deny the allegations set forth in paragraph "II.D.15)" of the complaint.

21. Deny the allegations set forth in paragraph "II.D.16)" of the complaint.

22. The allegation contained in paragraph "II.D.17)" of the complaint contains no averments of fact to which a response is required. To the extent a response is required, defendants deny all such allegations.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "III" of the complaint.

24. Deny the knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "IV" of the complaint.

25. Deny the allegations set forth in paragraph "V" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "VI" of the complaint and all of its subparts.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

27. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

28.     Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

29.     Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

30.     At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

31.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

32.     Plaintiff's claims may be barred, in whole or in part, by his failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

33.     Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

- 5 -

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

34. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

35. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations period.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

36. Commissioner Horn and Warden McLaughlin had no personal involvement in the incident alleged by plaintiff.

**WHEREFORE,** defendants Commissioner Martin F. Horn and Warden Gregory McLaughlin request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          July 18, 2008

>                    MICHAEL A. CARDOZO
>                    Corporation Counsel of the
>                      City of New York
>                    Attorney for Defendants Horn and McLaughlin
>                    100 Church Street
>                    New York, New York 10007
>                    (212) 788-1575
>
>          By:                   /s/
>                    Bradford C. Patrick
>                    Assistant Corporation Counsel
>                    Special Federal Litigation Division

To:   <u>BY MAIL</u>
      Ismail N. Smith, DIN #06-A-0819
      Plaintiff <u>Pro Se</u>
      Coxsackie Correctional Facility
      P.O. Box 999
      Coxsackie, New York 12051-0999

## DECLARATION OF SERVICE BY FIRST CLASS MAIL

I, Bradford C. Patrick declare, pursuant to 28 U.S.C. § 1746, under the penalty of perjury that on **July 18, 2008** I served the annexed **Answer to the Complaint on Behalf of Commissioner Martin F. Horn and Warden Gregory McLaughlin** upon the following individual by depositing a copy of the same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to the said plaintiff pro se at the address set forth herein, being the address designated by said plaintiff for that purpose, to wit:

> Ismail N. Smith, DIN #06-A-0819
> Plaintiff Pro Se
> Coxsackie Correctional Facility
> P.O. Box 999
> Coxsackie, New York 12051-0999

Dated:   New York, NY
         July 18, 2008

/s/
Bradford C. Patrick
Assistant Corporation Counsel
Special Federal Litigation

Index No. 08 CV 1493 (SHS)(MHD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISMAIL N. SMITH,

         Plaintiff,

-against-

MARTIN F. HORN, COMMISSIONER; GREGORY P. McLAUGHLIN; OFFICER NATALIE; JOHN DOE CORRECTIONS OFFICER FOR 3-11 SHIFT IN 4 UPPER AT A.R.D.C. ON 10-24-05; JOHN DOE SUPERVISOR IN CHARGE OF SECURITY OF RIKERS ISLAND; JOHN DOE CORRECTIONS OFFICER IN CHARGE OF MOVING PLAINTIFF FROM 2 MAIN BACK TO 4 UPPER,

         Defendants.

### ANSWER TO THE COMPLAINT ON BEHALF OF COMMISSIONER MARTIN F. HORN AND WARDEN GREGORY MCLAUGHLIN

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants Horn and McLaughlin*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Bradford C. Patrick*
*Tel: (212) 788-1575*
*NYCLIS No.2008-014832*

*Due and timely service is hereby admitted.*

*New York, N.Y. .............................................., 200......*

*................................................................................ Esq.*

*Attorney for................................................................*